**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**ABDUL-AZIZ RASHID MUHAMMAD**

      **Plaintiff,**

**v.**                                                    **Civil Action no. 1:04cv252**
                                                                          **(Judge Keeley)**

**UNITED STATES OF AMERICA,**

      **Defendant.**

## REPORT AND RECOMMENDATION/OPINION

### I. PROCEDURAL HISTORY and FACTS

On December 8, 2004, the plaintiff, Abdul-Aziz Rashid Muhammad,[1] filed a *pro se* action under the Federal Tort Claims Act ["FTCA"]. The plaintiff asserts that he is suing the United States for negligence, deliberate indifference, retaliation, discrimination, and medical malpractice.

The plaintiff is displeased with the medical treatment he has received for various medical conditions. The plaintiff has hepatitis C and knee, back, throat and foot problems. He asserts that the medical staffs at FCI-McKean, Bradford, Pennsylvania and FCI-Gilmer, Glenville, West Virginia, breached their (1) duty of care to thoroughly examine and x-ray, him and provide him with a "CT scan of throat, an ultra sound, and a liver biopsy" within months after his March

---

[1] The plaintiff was formerly incarcerated at FCI-Gilmer, Glenville, West Virginia, and is now incarcerated at USP Big Sandy, Inez, Kentucky.

2001, diagnosis of Hepatitis C; (2) duty of care to have him examined by a hepatologist/gastroenterologist, and an orthopedic specialist; (3) duty of care to protect him from retaliation for filing grievances[2]; and (4) duty of care to not discriminate against him "in an effort to punish him and cause him injury treating [him ] in different manner than they were treating other similarly situated citizens."

On December 30, 2003, the plaintiff filed an administrative tort claim regarding the medical care he had received and alleged retaliation to which he was subjected for filing grievances. By letter dated, June 21, 2004. Bill Burlington, Regional Counsel, advised the plaintiff that constitutional torts are not cognizable under the FTCA. Mr. Burlington also outlined the treatment the plaintiff had received and concluded that the plaintiff had been given appropriate medical care.[3]

This matter is pending before me for initial review and report and recommendation pursuant to LR PL P 83.02. The undersigned has screened the plaintiff's complaint in accord with the local rules of this Court and in accord with the provisions of 28 U.S.C.§§ 1915(e) and 1915A,[4] and makes the recommendations set forth below.

---

[2] For example the plaintiff alleges that he was removed from his weekend orderly job and placed in a job which the plaintiff alleges was outside his physical restrictions; placed in the special housing unit for praying in the education department; placed in the special housing unit on April 15, 2004 for allegedly engaging in or encouraging a group demonstration regarding the turning in of allegedly 36 bp-8's regarding triple bunking.

[3] Further, it appears the plaintiff exhausted his administrative remedies before filing his complaint in this court. To proceed with a FTCA claim, the plaintiff must exhaust his administrative remedies by bringing his claim to the appropriate administrative agency before he is allowed to file his complaint in district court. See 28 U.S.C. §2675(a); McNeil v. United States, 508 U.S. 106, 113 (1993).

[4] 28 U.S.C. §1915(e)(2)(B) states:
Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . .
    (B) the action or appeal-

## II. ANALYSIS

Pursuant to 28 U.S.C. §1402(b), a cause of action under 28 U.S.C. §1346(b) may be brought in the judicial district where the plaintiff resides or where the act or omission complained of occurred. At the time the plaintiff filed the instant complaint, he was incarcerated at USP Big Sandy. Thus, the Court should only consider the part of the plaintiff's complaint that deals with alleged wrongdoing which occurred in the Northern District of West Virginia. Consequently, the Court does not have venue over the allegations of wrongdoing which occurred at FCI-McKean, which is located in Bradford, Pennsylvania.

The FTCA provides as follows:

> The district courts ... shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages ... for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant and in accordance with the law of the place where the act or omission occurred.

28 U.S.C. §1346(b)(1).

The Supreme Court has held that "a person can sue under the Federal Tort Claims Act to recover damages from the United States Government for personal injuries sustained during

---

(i) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. §1915A provides, in pertinent part, that:
(a) Screening.–The court shall review...a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
(b) Grounds for dismissal.–On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
    (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

3

confinement in a federal prison, by reason of the negligence of a government employee." United States v. Muniz, 374 U.S. 150 (1963). However, the FTCA does not create a new cause of action. Medina v. United States. 259 F.3d 220, 223 (4th Cir. 2001). "The statute permits the United States to be held liable in tort in the same respect as a private person would be liable under the law of the place where the act occurred." Id.

Under West Virginia law, certain requirements must be met before a health care provider may be sued. See W.Va. Code §55-7B-6. This section provides in pertinent part:

> **§ 55-7B-6. Prerequisites for filing an action against a health care provider; procedures; sanctions**
> (a) Notwithstanding any other provision of this code, no person may file a medical professional liability action against any health care provider without complying with the provisions of this section.
> (b) At least thirty days prior to the filing of a medical professional liability action against a health care provider, the claimant shall serve by certified mail, return receipt requested, a notice of claim on each health care provider the claimant will join in litigation. The notice of claim shall include a statement of the theory or theories of liability upon which a cause of action may be based, and a list of all health care providers and health care facilities to whom notices of claim are being sent, together with a screening certificate of merit. The screening certificate of merit shall be executed under oath by a health care provider qualified as an expert under the West Virginia rules of evidence and shall state with particularity: (1) The expert's familiarity with the applicable standard of care in issue; (2) the expert's qualifications; (3) the expert's opinion as to how the applicable standard of care was breached; and (4) the expert's opinion as to how the breach of the applicable standard of care resulted in injury or death. A separate screening certificate of merit must be provided for each health care provider against whom a claim is asserted. The person signing the screening certificate of merit shall have no financial interest in the underlying claim, but may participate as an expert witness in any judicial proceeding. Nothing in this subsection may be construed to limit the application of rule 15 of the rules of civil procedure.

4

This Court previously held that compliance with W.Va. Code §55-7B-6 is mandatory prior to filing suit in federal court. See Stanley v. United States, 321 F.Supp.2d 805, 806-807 (N.D.W.Va. 2004).[5]

There is nothing in the plaintiff's complaint which reveals he has met the requirements of W.Va. Code §55-7B-6. Thus, the undersigned recommends that the plaintiff's medical claims be dismissed without prejudice.

With regard to the plaintiff's claims of retaliation and discrimination for filing grievances, the undersigned concludes there are no such causes of action in the State of West Virginia. Thus, those claims should be dismissed with prejudice.

### III. RECOMMENDATION

In consideration of the foregoing, the undersigned recommends that the plaintiff's complaint be summarily dismissed pursuant to 28 U.S.C. §§1915 and 1915A.

Any party may file within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir.

---

[5]In Stanley, the plaintiff brought suit against the United States alleging that the United States, acting through its employee healthcare providers, was negligent and deviated from the "standards of medical care" causing him injury.

5

1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation/Opinion to all parties appearing herein.

DATED: September 28, 2005

/s *John S. Kaull*

JOHN S. KAULL  
UNITED STATES MAGISTRATE JUDGE