FILED
AUG 2 5 2006
U.S. DISTRICT COURT
CLARKSBURG, WV 26301

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG DIVISION

ABDUL-AZIZ RASHID MUHAMMAD,

    **Plaintiff,**

v.                              CIVIL ACTION NO. 1:04-CV-252
                                    (Judge Keeley)

UNITED STATES OF AMERICA,

    **Defendant.**

## ORDER ADOPTING MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION AND DISMISSING COMPLAINT

Abdul-Aziz Rashid Muhammad ("Muhammad"), a federal prisoner[1], objects to the Magistrate Judge's recommendation that his Federal Tort Claims Act ("FTCA"), 28 U.S.C. §1346(b), claims should be dismissed. For reasons stated below, this Court **OVERRULES** Muhammad's objections and **ADOPTS** the Magistrate Judge's recommendation.

### I. Factual and Procedural Background

Muhammad filed this *pro se* civil action against the United States in December, 2004. He alleged, under the FTCA, that officials in federal prisons in Pennsylvania and West Virginia breached their duties to provide him with adequate medical care for

---

[1] Muhammad was formerly incarcerated at FCI-Gilmer located in Glenville, West Virginia, but was incarcerated at USP-Big Sandy located in Inez, Kentucky at the time he filed this action.

### ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DISMISSING COMPLAINT

various medical problems, including but not limited to his Hepatitis C infection.[2] Muhammad also asserted that prison officials retaliated and discriminated against him for filing grievances and protesting his alleged lack of medical treatment.

In accordance with Rule 83.02 of the Local Rules of Prisoner Litigation Procedure and 28 U.S.C. §1915A, United States Magistrate Judge John S. Kaull conducted a preliminary review of Muhammad's claims and issued a Report and Recommendation on September 29, 2005. He concluded that Muhammad had failed to state a viable claim in his complaint and that this Court should therefore dismiss his suit in compliance with 28 U.S.C. §1915(e)(2)(B). Under 28 U.S.C. § 636(b)(1), Muhammad had ten days after being served with a copy of the Magistrate Judge's Report and Recommendation to file objections or waive his right of review. Muhammad timely filed objections on October 9, 2005.

---

[2] Venue as to Muhammad's FTCA claim is governed by 28 U.S.C. 1402(b), the general venue statute governing suits in which the United States is the defendant. The statute provides that venue in civil tort suits against the United States may be brought "only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. 1402(b). Because he was incarcerated at USP Big Sandy in Inez, Kentucky at the time he filed his FTCA claim, the Court may only consider the allegations concerning actions taken in the Northern District of West Virginia. It does not have venue over the allegations of wrongdoing at FCI-McKean which is located in Bradford, Pennsylvania.

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
AND DISMISSING COMPLAINT**

## II. Standard of Review

Once a party has filed objections to a magistrate judge's report, a district court must conduct de novo review of any specific findings or recommendations subject to objections. 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. Pro. 72(b). Any findings or recommendations that a party has not specifically objected to are not subject to appellate review. See Page v. Lee, 337 F.3d 411, 416 n. 3 (4th Cir. 2003); 28 U.S.C. § 636(b)(1). A district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," may order the taking of additional evidence, or may remand the matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

## III. Analysis

### A. Medical Claims

Under the FTCA, the United States is liable "for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant and in accordance with the law of the place where the act or omission occurred." 28

### ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DISMISSING COMPLAINT

U.S.C. § 1346(b)(1). This language authorizes suits by federal prisoners who have been injured as a result of negligence by employees of the Bureau of Prisons ("BOP"). <u>United States v. Muniz</u>, 374 U.S. 150, 158 (1963).

Magistrate Judge Kaull concluded that Muhammad had failed to comply with the requirements for filing medical negligence claims in West Virginia. West Virginia Code § 55-7B-6 provides that a person who wishes to pursue a claim of medical negligence must, *inter alia*, gain a certificate of merit from a medical expert before filing suit. In this case, Muhammad has met the federal requirement of exhausting his administrative process rights before filing suit in district court.[3] However, there is no evidence that he has complied with West Virginia's certification requirement pursuant to §55-7B-6 before bringing his medical negligence claim.

This Court recently concluded that prisoners must comply with the requirements of W.Va. Code §55-7B-6 before filing an FTCA medical negligence claim. <u>See</u> <u>Stanley v. United States</u>, 321 F.Supp.2d 805, 806-807 (N.D.W.V. 2004). In <u>Stanley</u>, the Court stated that the FTCA "does not create new causes of action, but

---

[3] A prisoner must exhaust administrative remedies before filing an FTCA claim in federal court. See 28 U.S.C. § 2675(a); <u>McNeil v. United States</u>, 508 U.S. 106, 113 (1993).

4

merely allows the United States to be sued and held liable in tort 'in the same respect as a private person under the law of the place where the act occurred.'" Id. Muhammad argues that an exception to the state requirement should be made in this case, but offers no legal authority to support that contention. Indeed, this Court sees no current rationale for deviating from the reasoning set forth in Stanley. Accordingly, the Court concludes that Muhammad's medical negligence claim is barred by W.Va. Code §55-7B-6, and thus by the FTCA. Therefore, it **DISMISSES WITHOUT PREJUDICE** Muhammad's medical claims.

### B. Retaliation and Discrimination Claims

Muhammad's retaliation and discrimination claims arise from federal law and are not supported by West Virginia law. The United States is not liable for money damages under the FTCA for claims arising out constitutional violations. F.D.I.C. v. Meyer, 510 U.S. 471, 477-78 (1994); Williams v. United States, 242 F.3d 169, 175 (4th Cir. 2001). Therefore, those claims must be dismissed with prejudice.

Muhammad raised exactly the same retaliation and discrimination claims against various BOP employees pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403

MUHAMMAD v. UNITED STATES                                   1:04cv252

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
AND DISMISSING COMPLAINT**

U.S. 388 (1971), in another suit, styled <u>Muhammad v. Bunts</u>, 1:03-cv-00228, that was filed on October 27, 2003 with this Court. In a Report and Recommendation dated January 10, 2005, Magistrate Kaull recommended dismissal of Muhammad's retaliation and discrimination claims in the <u>Bivens</u> action as well. With respect to the retaliation claims, he concluded that Muhammad does not have a constitutional right to participate in grievance proceedings and had failed to demonstrate that he had been denied his constitutional right to access to the courts. See <u>Adams v. Rice</u>, 40 F.3d 72, 75 (4th Cir. 1994). With respect to his discrimination claims, the Magistrate Judge concluded that Muhammad had made only conclusory allegations of unequal treatment and had failed to allege that the unequal treatment was the result of intentional or purposeful discrimination. This Court adopted the Magistrate Judge's recommendations on March 30, 2005. Therefore, Muhammad ultimately had his constitutional claims of retaliation and discrimination reviewed by the Court.

### IV. Conclusion

For the reasons stated above, this Court **ADOPTS** the Magistrate Judge's recommendations, **DISMISSES WITHOUT PREJUDICE** Muhammad's medical claims, **DISMISSES WITH PREJUDICE** Muhammad's retaliation and

discrimination claims and **ORDERS** that this action be stricken from its docket.

The Clerk of the Court is directed to mail a copy of this Memorandum Opinion and Order to the pro se plaintiff via certified mail, return receipt requested.

DATED: August _____25_____, 2006.

_____
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE