```
IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**ABDUL-AZIZ RASHID MUHAMMAD,**

    **Plaintiff,**

**v.**                                                **CIVIL ACTION NO. 1:04cv252**
                                                                        **(Judge Keeley)**

**UNITED STATES OF AMERICA,**

    **Defendant.**

### ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT

On December 8, 2004, plaintiff Abdul-Aziz Rashid Muhammad ("Muhammad"), filed a pro se complaint asserting a medical malpractice claim against the United States of America under the Federal Tort Claims Act ("FTCA"). Pursuant to Rule 83.02 of the Local Rules of Prisoner Litigation Procedure, the Court referred this matter to United States Magistrate Judge John S. Kaull for an initial review and report and recommendation. On September 29, 2005, Magistrate Judge Kaull issued a Report and Recommendation, recommending the dismissal of Muhammad's complaint. Specifically, he concluded that Muhammad had failed to meet the pre-filing requirements of West Virginia Code § 55-7B-6.

Muhammad filed timely objections to the Magistrate Judge's recommendations on October 9, 2005. After a de novo review of the Muhammad's pleadings, Magistrate Judge Kaull's Report and Recommendation, and Muhammad's objections, on August 25, 2006, the

Court overruled Muhammad's objections, adopted the Magistrate Judge's recommendation, and dismissed Muhammad's complaint.

On September 12, 2006, Muhammad filed a motion to amend or alter judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, challenging the rulings made by the Court in its August 25th Order. On September 19, 2006, relying on Stanley v. United States, 321 F.Supp.2d 805, 806-07 (N.D.W.Va. 2004), the Court denied Muhammad's motion.

On October 2, 2006, Muhammad filed a Notice of Appeal, stating that he was appealing the Court's September 19, 2006 Order dismissing his case in its entirety. On that same day, the Court Clerk transmitted Muhammad's Notice of Appeal and the docket sheet to the Fourth Circuit Court of Appeals. On October 19, 2006, the Clerk certified and transmitted the record on appeal to the Fourth Circuit.

Nearly one month later, on November 11, 2006, Muhammad filed a "Motion For Relief From Judgment," seeking relief from the Court's judgment under Federal Rule of Civil Procedure 60(b). On December 6, 2006, Muhammad also filed a supplement to his motion for relief from judgment.

The filing of a notice of appeal is an event of jurisdictional significance- it confers jurisdiction on the court of appeals and divests the district court of its jurisdiction over all matters

except those in aid of or ancillary to the appeal. Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982); In re Grand Jury Proceedings Under Seal, 947 F.2d 1188, 1190 (4th Cir.1991). Here, Muhammad seeks relief from the judgment that is at issue on appeal; thus, the Court does not have jurisdiction to grant the relief that Muhammad seeks in his Rule 60 motion. Post v. Bradshaw, 422 F.3d 419, 421 (6th Cir. 2005); Williams v. Woodford, 384 F.3d 567, 586 (9th Cir. 2004). The Court, nevertheless, may consider Muhammad's Rule 60 motion and deny relief without a remand from the appellate court. Piper v. United States Department of Justice, 374 F.Supp.2d 73, 77 (D.C. Cir. 2005). If the Court determines that it will grant such relief, however, Muhammad must file a motion with the appellate court requesting remand. Hoai v. Vo, 935 F.2d 308, 312 (D.C. Cir. 1991). Accordingly, the Court has limited jurisdiction to consider Muhammad's Rule 60 motion.

Rule 60(b) of the Federal Rules of Civil Procedure authorizes a court to reconsider a final judgment for:

  (1) mistake, inadvertence, surprise, or excusable neglect;
  (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);

> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
>
> (6) any other reason justifying relief from the operation of the judgment.

While Rule 60(b)(1)-(5) enumerate specific narrow circumstances in which relief from judgment can be granted, Rule 60(b)(6) is a catchall provision that permits courts to reopen a final judgment for "any other reason justifying relief from the operation of the judgment." In this circuit, Rule 60(b)(6) has been interpreted narrowly, granting relief only under "extraordinary circumstances" See e.g., Reid v. Angelone, 369 F.3d 363, 370 (4th Cir.2004); Valero Terrestrial Corp. v. Paige, 211 F.3d 112, 118 n. 2 (4th Cir.2000). The decision to grant or deny a Rule 60(b)(6) motion is committed to the court's discretion. See Plaut v. Spendthrift, Inc., 507 U.S. 380, 393 (1993).

**MUHAMMAD v. UNITED STATES**                                    1:04CV252

**ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT**

Relying on Rule 60(b)(6), Muhammad primarily restates the legal arguments that he made in his objections to the Magistrate Judge's recommendations and his motion to alter judgment under Fed.R.Civ.P. 59.  Muhammad's arguments were thoroughly addressed by the Court in its August 25, 2006 Order adopting the Magistrate Judge's recommendation and in its September 19, 2006 Order denying his motion to alter judgment.  However, in reviewing Muhammad's Rule 60(b) motion, the Court finds two arguments that bear further consideration.

First, Muhammad asserts that the Court failed to liberally construe the allegations of his pro se complaint.  The Court is required to hold a pro se pleading to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978), and is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980); Cruz v. Beto, 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972). The requirement of liberal construction, however, does not mean that the Court can ignore a clear failure in the pleading to allege facts setting forth a claim currently cognizable in a federal district court. Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir.1990).

## ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT

Here, the Court dismissed Muhammad's FTCA claim because he failed to comply with West Virginia's certification requirement pursuant to W.Va. Code § 55-7B-6 before filing his medical negligence claim under the FTCA. Muhammad did not dispute that he had failed to comply with the certification requirement, but, instead, argued that the Court should not apply West Virginia's certification requirement to his FTCA claim. Thus, under the Court's ruling that the certification requirement applied to FTCA claims arising from alleged medical malpractice, Muhammad's complaint had a procedural defect. Accordingly, his liberal construction argument has no merit.

Next, Muhammad argued that the Court lacked subject matter jurisdiction to <u>sua sponte</u> dismiss his FTCA claim because the plain language of 18 U.S.C. § 4042 is fixed and independent of an inconsistent state rule. Muhammad is simply resurrecting his contention that he fulfilled the filing requirements under the FTCA, and, therefore, he should be permitted to pursue his FTCA claim.

28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A requires the Court to conduct a preliminary screening and to dismiss complaints that are frivolous or fail to state a claim upon which relief may be granted. In <u>Stanley v. United States</u>, 321 F.Supp.2d 805, 806-807 (N.D.W.Va. 2004), this Court concluded that the requirements of

**MUHAMMAD v. UNITED STATES**                                          1:04CV252

## ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT

W.Va. Code § 55-7B-6 are substantive and apply to suits in federal court because, were the Court to remove the certification requirement, litigation of medical malpractice claims in state courts would be drastically different from litigation of identical claims in federal court. Id. at 808. It further concluded that the federal pre-filing requirements did not displace the state requirements because each set of requirements serve different purposes and a plaintiff can comply with both. Id. Because Muhammad stated no viable reason why the holding in Stanley should not apply to his case, the Court had the authority to dismiss his complaint as frivolous since he failed to meet the certification requirement.

Accordingly, the Court **DENIES** Muhammad's motion for relief from judgment (dkt. no. 22).

It is **SO ORDERED.**

The Clerk is directed to mail a copy of this Order to the pro se plaintiff, via certified mail, and any counsel of record.

DATED: July 9, 2007.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE